DAVIS & GILBERT LLP
Guy R. Cohen (GC 2353)
Shira Franco (SF 9686)
1740 Broadway
New York, NY 10019
Tel: (212) 468-4800
Fax: (212) 468-4888
*Attorneys for Defendant TBWA Worldwide Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER WOOD,<br><br>Plaintiff,<br><br>-against-<br><br>TBWA WORLDWIDE INC. a/k/a<br>TBWA\CHIAT\DAY,<br><br>Defendant. | 07 Civ. 10506 (AKH)<br><br>**ANSWER** |

Defendant TBWA Worldwide Inc. d/b/a TBWA\Chiat\Day ("Defendant"), by its attorneys Davis & Gilbert LLP, for its Answer to the Complaint of Plaintiff Jennifer Wood (the "Complaint"), states as follows:

**Preliminary Statement**

1.  No factual allegations requiring a response are set forth in paragraph 1 of the Complaint. To the extent any response is required, Defendant denies the allegations set forth in paragraph 1 of the Complaint.

**Jurisdiction And Venue**

2.  No factual allegations requiring a response are set forth in paragraph 2 of the Complaint.

3. No factual allegations requiring a response are set forth in paragraph 3 of the Complaint.

4. No factual allegations requiring a response are set forth in paragraph 4 of the Complaint.

5. Admits the allegations set forth in paragraph 5 of the Complaint.

### Parties

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. To the extent the allegations set forth in paragraph 7 of the Complaint assert legal conclusions rather than factual allegations, they do not require a response. To the extent any response is required, Defendant denies the allegations set forth in paragraph 7, except admits that it employed Plaintiff from November 2004 to November 2006.

8. To the extent the allegations set forth in paragraph 8 of the Complaint assert legal conclusions rather than factual allegations, they do not require a response. To the extent any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, except admits that it employed Plaintiff during the year preceding her request for leave.

9. To the extent the allegations set forth in paragraph 9 of the Complaint assert legal conclusions rather than factual allegations, they do not require a response. To the extent any response is required, Defendant denies the allegations set forth in paragraph 9, except admits that it employed Plaintiff from November 2004 to November 2006.

10. Denies the allegations set forth in paragraph 10 of the Complaint, except admits that Defendant is a Delaware corporation and that it is authorized to do business in New York.

11. To the extent the allegations set forth in paragraph 11 of the Complaint assert legal conclusions rather than factual allegations, they do not require a response. To the extent any response is required, Defendant denies the allegations set forth in paragraph 11, except admits that it hired certain individuals as employees from November 2004 through November 2006.

12. Denies the allegations set forth in paragraph 12 of the Complaint, except admits that Defendant employed 50 or more employees during the period of time that it employed Plaintiff.

### Facts

13. Repeats and realleges its responses to each and every allegation set forth in the Complaint.

14. Admits the allegations set forth in paragraph 14 of the Complaint.

15. Admits the allegations set forth in paragraph 15 of the Complaint.

16. Denies the allegations set forth in paragraph 16 of the Complaint, except admits that Plaintiff voluntarily resigned from her employment by Defendant, effective November 3, 2006.

17. Denies the allegations set forth in paragraph 17 of the Complaint, except admits that Plaintiff's title was Account Director and that she worked for a period of time on Defendant's NIVEA account.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint, except admits that Plaintiff attended a meeting on June 1, 2006 with Blanca Stephens and Lisa Liebman to discuss Plaintiff's performance.

22. Denies the allegations set forth in paragraph 22 of the Complaint, except admits that Plaintiff was advised at the June 1, 2006 meeting that NIVEA's representatives did not want Plaintiff to be working on the NIVEA account.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint, except admits that Plaintiff requested an extension of her leave on September 8, 2006 and that her request was approved on September 12, 2006.

26. Denies the allegations set forth in paragraph 26 of the Complaint, except admits that Plaintiff's leave began in July 2006.

27. Denies the allegations set forth in paragraph 27 of the Complaint, except admits that Plaintiff sent e-mails to Defendant in September 2006 concerning her return to work following her leave.

28. Denies the allegations set forth in paragraph 28 of the Complaint.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint, except admits that Defendant considered Plaintiff for a position on the Bayer account but could not assign her to it because of client-related issues.

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

### As To The First Claim For Relief (Title VII)

34. Repeats and realleges its responses to each and every allegation set forth in the Complaint.

35. Denies the allegations set forth in paragraph 35 of the Complaint.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

37. Denies the allegations set forth in paragraph 37 of the Complaint.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

### As To The Second Claim For Relief (NYSHRL)

39. Repeats and realleges its responses to each and every allegation set forth in the Complaint.

40. Denies the allegations set forth in paragraph 40 of the Complaint.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

### As To The Third Claim For Relief (NYCHRL)

44. Repeats and realleges its responses to each and every allegation set forth in the Complaint.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint.

48. Denies the allegations set forth in paragraph 48 of the Complaint.

### As To The Fourth Claim For Relief (FMLA)

49. Repeats and realleges its responses to each and every allegation set forth in the Complaint.

50. Denies the allegations set forth in paragraph 50 of the Complaint.

51. Denies the allegations set forth in paragraph 51 of the Complaint.

52. Denies the allegations set forth in paragraph 52 of the Complaint.

53. Denies the allegations set forth in paragraph 53 of the Complaint.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

### As To The Demand For Jury Trial

55. Repeats and realleges its responses to each and every allegation set forth in the Complaint.

56. No factual allegations requiring a response are set forth in paragraph 56 of the Complaint.

### AFFIRMATIVE DEFENSES

As further, separate, and affirmative defenses, without assuming the burden of proof of any such defense that would otherwise rest with Plaintiff, Defendant alleges as follows:

### First Affirmative Defense

57. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

58. Plaintiff's claims are barred to the extent that they are not reasonably related to the allegations set forth in her administrative charge.

### Third Affirmative Defense

59.     Plaintiff's claims fail because all of Defendant's actions with respect to Plaintiff's employment were taken for legitimate, non-discriminatory, non-retaliatory business reasons.

### Fourth Affirmative Defense

60.     If damaged, which Defendant expressly denies, Plaintiff has failed to make reasonable efforts to mitigate damages.

### Fifth Affirmative Defense

61.     Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Executive Law.

**WHEREFORE**, Defendant TBWA Worldwide Inc. requests that judgment be entered against Plaintiff Jennifer Wood as follows:

(1)     Dismissing the Complaint in its entirety, with prejudice;

(2)     Awarding TBWA its attorneys' fees, costs and disbursements incurred in defending this action; and

(3)     Awarding such other and further relief as the Court deems just and proper.

Dated:  December 19, 2007
        New York, New York

DAVIS & GILBERT LLP

By: _____
    Guy R. Cohen (GC 2353)
    Shira Franco (SF 9686)

1740 Broadway
New York, NY 10019
(212) 468-4800

*Attorneys for Defendant TBWA Worldwide Inc.*